Suit to reform a mortgage by John S. Mullin and another against Ralph Helms and another. From a judgment for plaintiffs, defendants appeal.
Affirmed.
In May 1946 appellant Ralph Helms secured a permit under Veterans' Emergency Housing Act, 60 Stat. 207, 50 U.S. Code, § 1821 et seq., 50 U.S.C.A. Appendix § 1821 et seq., to construct six houses in Golfers Haven, a subdivision in Dade County, Florida. The permit also provided that said houses be sold to veterans at not exceeding $8,900.00 each. The house constructed on Lot 6, Block 2, Golfers Haven was sold to appellees John S. and Mary O. Mullin for a cash payment of $4000.00 and a purchase-money mortgage in the sum of $7750.00 The sale was made by Frank B. Tippens, Jr., as agent for Ralph Helms, November 26, 1946.
In November 1947, appellees as complainants filed their bill of complaint to reform the mortgage, relying on the facts stated in the preceding paragraph. The bill of complaint prayed that plaintiffs be permitted to recover the excess sales price or have it credited on appellants' purchase contract. The bill was amended before defendants filed their appearance, but not in material particulars. A motion to dismiss was overruled, an answer was filed which denied making the cash payment of $4000.00 and that plaintiffs were entitled to attorney's fees. On final hearing the chancellor found the equities to be with appellees, that appellants had overcharged them the sum of $2850.00 with interest thereon from date the contract was executed, including an attorney's fee of $500.00 and court costs, in all $3908.53. Final judgment was entered for the plaintiffs and defendants appealed.
It is first contended that the suit was barred by the statute of limitations, because it was instituted after the time limit for bringing such suits.
This contention is based on the assumption that the original bill of complaint was a nullity in that it failed to state a cause of action, that no summons was issued, that notice of lis pendens was not filed and that a necessary party defendant was omitted. Even if these charges are true, they were cured when the amended bill was filed which amplified, but did not materially depart from the substance and theory of the original bill. The law is settled in this State that suits in equity are deemed to have commenced when the bill of complaint is filed. Baugher v. Cohen, et al., 98 Fla. 1081, 124 So. 813; Kooman Equity Pleading, *page 62. *Page 444 
The contract in question is one that equity had jurisdiction to reform, it was executed November 26, 1946, and this suit was filed November 25, 1947, which was within the time provided by Section 7(d) of the Veterans' Emergency Housing Act of 1946. It was therefore not amenable to the assault leveled at it.
It is next contended that appellees did not prove the allegations of their bill of complaint.
The evidence has been examined. It might have been more direct but it satisfied the chancellor as to the cash payment, and we think it was sufficient. The mortgage shows on its face that appellees agreed to pay appellants $7750.00 with interest and the attorney's fee was authorized by Section 7(d) of the Act. We find no error in the decree so it is affirmed.
Affirmed.
ADAMS, C.J., and THOMAS and BARNS, JJ., concur.